### In re FLOWERS BY MIKE & RAY, INC., Debtor.

**Bankruptcy No. 87–4–1998.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

Aug. 30, 1988.

Stephen Glessner, Frederick, Md., for debtor.

George E. Snyder, Jr., Hagerstown, Md., Chapter 7 Trustee.

Jason Green, Washington, D.C., Asst. U.S. Trustee.

## MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

There is before the court, on its own motion pursuant to 11 U.S.C. § 105(a), the review of the claim filed by the United States Trustee on January 22, 1988. The essence of the $6,000 claim is set forth in paragraph 2:

2. The debtor was, on the date of the conversion of this case, indebted to the UNITED STATES TRUSTEE, and still is indebted in the sum of at least $150 to a maximum of $3,000 quarterly based on disbursements made on and after November 26, 1986, during the pendency of the chapter 11 proceeding pursuant to 28 U.S.C. Section 1930(a)(6), for the quarter(s) ending September 30, 1987 and December 31, 1987, or in the sum of $6,000.00. The maximum fees are claimed, unless lower fees are substantiated.

On June 16, 1988, George E. Snyder, Jr., Chapter 7 trustee, sent a notice to all creditors of the filing of his first and final account and application for allowance of trustee's commissions, expenses, and attorney's fees. That final account showed $5,123.41 in receipts, consisting of the sale of the equipment and inventory for $5,000, the sale of the books and records for $100, and interest of $23.41. The trustee claims a commission of $333.70. The trustee was appointed as attorney for the bankruptcy estate under 11 U.S.C. § 327(e). He seeks fees of $980 and expenses of $75.46. Distribution is proposed to be made between two priority creditors—the United States Trustee's office claiming $6,000, and the State of Maryland claiming $539.11 on account of taxes accrued during the operation of the business of the debtor in possession. There were no objections to the proposed distribution, and the matter came before the court on the trustee's application for approval of his account and requested commissions and compensation.

On July 20, 1988, the court issued the following order describing an inquiry to be made and setting a date for hearing on that inquiry:

## ORDER

(Setting Hearing for Inquiry on Status of Claim)

The first and final report of George E. Snyder, Chapter 7 trustee of the bankruptcy estate of Flowers by Mike & Ray, Inc., shows receipts by the Chapter 7 trustee of $5,100.00 for the liquidation of the business of the debtor. The United States Trustee has filed a priority claim

of $6,000.00 for the statutory fee for the period of July 30, 1987, through December 17, 1987, for the period that this case was a proceeding under Chapter 11.

Debtor's scheduled assets show $15,244.00, $3,500.00 of which represented an automobile subject to a lien of a local bank. On file are two reports for the months ending August 31 and September 30, respectively, showing slightly more than $7,750.00 spent for ordinary operations for those two months. The court is unable to ascertain the basis for the claim. Furthermore, the court is mindful of the position of the case trustee. Were he to oppose the application, he would be in danger of being stricken from the trustee panel by the United States Trustee.

The court will have a hearing on this matter upon notice to all creditors and the United States Trustee. The case trustee may participate by telephone in such hearing. The United States Trustee shall submit a memorandum on or before August 15, 1988, in support of its claim.

It is, therefore, this 20th day of July, 1988, by the United States Bankruptcy Court for the District of Maryland,

ORDERED that this inquiry is hereby scheduled for a hearing before the court on the 16th day of August, 1988, at 10:30 a.m.

The United States Trustee did not respond. The Chapter 7 trustee filed a response both advising of a conflicting engagement and stating that the Chapter 7 trustee "defers to the discretion of the Bankruptcy Judge in regard to the Proof of Claim filed by the United States Trustee."

The Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Public Law 99–554, provided for the appointment by the Attorney General of one United States Trustee for each of the 21 regions set forth in the legislation for a term of five years, subject to removal by the Attorney General without cause. 28 U.S.C. § 581. The duties of the United States Trustee are set forth at 28 U.S.C. § 586. There is a thorough description of the United States Trustee system, its historical background, and operation in 1 *Collier on Bankruptcy*, ¶¶ 6.01–29 (15th ed. 1988). *See also*, 1 *Norton Bankruptcy Law and Practice*, §§ 11.07–08 and CCH *Bankruptcy Law Reporter*, ¶¶ 14,001–403. Among the duties of the United States Trustee is the supervision of the administration of cases and of trustees in cases under Chapter 7 of the Bankruptcy Code, such as George E. Snyder, Jr., the Chapter 7 trustee serving in this case. 28 U.S.C. § 586(a)(3). *See also In re A–1 Trash Pickup, Inc.*, 802 F.2d 774 (4th Cir.1986).

The operations of the United States Trustee system are funded by a special United States Trustee fund, 28 U.S.C. § 589a. A substantial portion of that fund is composed of the fees collected under 28 U.S.C. § 1930(a)(6):

§ 1930. *Bankruptcy fees*

(a) Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the court the following filing fees:

\* \* \* \* \* \*

(6) In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first. The fee shall be $150 for each quarter in which disbursements total less than $15,000; $300 for each quarter in which disbursements total $15,000 or more but less than $150,000; $750 for each quarter in which disbursements total $150,000 or more but less than $300,000; $2,250 for each quarter in which disbursements total $300,000 or more but less than $3,000,000; $3,000 for each quarter in which disbursements total $3,000,000 or more. The fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed.

An individual commencing a voluntary case or a joint case under title 11 may pay such fee in installments. For con-

verting, on request of the debtor, a case under chapter 7, or 13 of title 11, to a case under chapter 11 of title 11, the debtor shall pay to the clerk of the district court or the clerk of the bankruptcy court, if one has been certified pursuant to section 156(b) of this title, a fee of $400.

The United States Trustee program was designed to be self-funding. 132 Cong.Rec. H9000 (daily ed. Oct. 2, 1986) (statement of Rep. Hamilton Fish, Jr.).

In summary, under 28 U.S.C. § 1930(a)(6), the quarterly Chapter 11 fee is payable until a plan is confirmed or the case is converted or dismissed, whichever occurs first. The fee is payable for each quarter (including any fraction thereof) and is payable on the last day of the calendar month following the calendar quarter for which the fee is owed.

## DISCUSSION

■ On July 30, 1987, Flowers by Mike & Ray, Inc. filed a Chapter 11 petition. Debtor was a retail florist with a single store in Frederick, Maryland. Debtor's Schedules listed $32,121.38 in unsecured debt and one secured creditor claiming a lien on a 1981 Dodge Ram van. The Schedule B–2 personal property showed $11,744.00 in personal property, exclusive of the motor vehicle. A § 341 meeting was conducted on August 26, 1987. As required by Bankruptcy Rule 2015(a)(3) and Local Bankruptcy Rule 18(a), the debtor filed the required monthly reports for the period ending August 31, 1987, and September 30, 1987. These reports reflected disbursements of $3,832.91 and $4,923.72 respectively. No further reports were filed. On the debtor's motion, the court ordered the case converted to a case under Chapter 7 on December 17, 1987.

Debtor's reports reflect total disbursements for the third quarter of 1987 of $8,756.63. The court finds nothing in the record to support the claim of the United States Trustee that any greater disbursements than that figure were made. Using the user fee brackets of 28 U.S.C. § 1930(a)(6), the appropriate quarterly fee is $150.00 for the third quarter of 1987.

What then is the appropriate quarterly fee for that portion of the final quarter of 1987, terminating on December 17, 1987? There are no monthly reports on file. The report for the period ending September 30, 1987, shows cash on hand of $5,489.85. Apparently, the trustee was satisfied as to the disposition of that cash. Therefore, the court finds as a fact that that sum was disbursed prior to the time of conversion, otherwise the supervisor would have questioned the Chapter 7 trustee's final account.

The difficulty is that the United States Trustee claims the maximum fee set forth in 28 U.S.C. § 1930(a)(6) of $3,000.00 due in a quarter in which disbursements total $3,000,000.00 or more. The court is unable to find anything in the legislative history to support this approach of the United States Trustee. The court is sympathic to the plight of the United States Trustee who must take on a great deal of work and look not to the Congress for appropriation but rather to the deposits from fees described in 28 U.S.C. § 589a(b).

■ While this is a simple approach and readily administered, the court rules that the United States Trustee must make a good faith determination of the debtor's disbursements. At a minimum, the United States Trustee can request this information from the Chapter 7 trustee he appointed under 11 U.S.C. § 701(a)(1). From the books and records the trustee could reconstruct the amount disbursed in the prior Chapter 11 proceeding. It is unfair because of the lack of effort on the part of his appointee acting under his supervision that the United States Trustee claims the bulk of the assets in this estate.

Based on the previous reports and the fact that the debtor moved to convert the case to a case under Chapter 7 on December 7, 1987, before the busy Christmas season for florists, the court finds nothing to justify a conclusion that the debtor spent any large amount of money to acquire inventory in this period. The court finds in the period of two months and a fraction

that the debtor was in business in the last quarter of 1987, a reasonable estimate would be that the debtor disbursed no more than $15,000.00 and is therefore obligated to the United States trustee for the sum of $150.00 for the quarter. In looking for analogies under revenue laws, the court notes that under the law of Maryland, the Comptroller of the Treasury may make assessments when a tax return is not filed:

(d) *Assessment if return not filed.*— If any return required by this subtitle is not filed as herein required, the Comptroller is authorized to make an estimate of the income of the taxpayer and of the amount of tax due under this subtitle from any information in his possession and to assess the tax at not more than twice the amount estimated to be due after notice to the taxpayer and demand made for the return required under this subtitle.

*Md.Ann.Code* Article 81, § 304(d) (Supp. 1987).

In view of the reduction in the claim of the United States Trustee, George E. Snyder, Jr., Chapter 7 trustee of the estate, is instructed to restate his first and final account.

### ORDER REDUCING CLAIM OF UNITED STATES TRUSTEE

Upon consideration of the claim of the United States Trustee and the matters set forth in the court's Memorandum of Decision of this day, and the court finding that a conflict of interest exists that prohibits George E. Snyder, Jr., Chapter 7 trustee, from questioning a fee claimed on behalf of his supervisor, it is, pursuant to 11 U.S.C. § 105(a), this 30th day of August, 1988, by the United States Bankruptcy Court for the District of Maryland,

ORDERED That the claim of the United States Trustee is reduced to the sum of $300.00.